IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JAMES R. MANSHIP, SR.,
    Plaintiff,

v.                                                          Civil No. 3:23cv338 (DJN)

KEVIN MCCARTHY, *et al.*,
    Defendants.

## FINAL ORDER
### (Revoking In Forma Pauperis Status and Dismissing Case)

This matter comes before the Court on *pro se* Plaintiff James Manship, Sr.'s ("Plaintiff") Amended Complaint. (ECF No. 3.) On May 19, 2023, Plaintiff filed an Application to Proceed *In Forma Pauperis* ("IFP Application") and a Proposed Complaint. (ECF Nos. 1, 1-1.)

On May 23, 2023, the Court provisionally granted Plaintiff's IFP Application. (ECF No. 2.) However, after reviewing Plaintiff's Proposed Complaint pursuant to 28 U.S.C. § 1915(e), the Court found, among other deficiencies, that the Proposed Complaint failed to satisfy Federal Rule of Civil Procedure 8. (*Id.*) Accordingly, the Court granted Plaintiff leave to file an Amended Complaint within twenty-one (21) days. (*Id.*) The Court set forth specific instructions by which Plaintiff might attempt to cure the deficiencies in his complaint. (*See, e.g., id.* at 3 (directing Plaintiff to set forth the basis of his standing to bring this action).) Finally, the Court cautioned Plaintiff that "[t]he failure to strictly comply with the Court's directives and with applicable rules w[ould] result in DISMISSAL of this action under Federal Rule of Civil Procedure 41(b)." (*Id.*)

On May 30, 2023, Plaintiff filed an Amended Complaint. (ECF No. 3.) The Court has reviewed that Complaint pursuant to 28 U.S.C. § 1915(e) and finds that it fails to establish that Plaintiff has standing, state a claim upon relief may be granted and comply with either Federal Rule of Civil Procedure 8 or this Court's explicit directives. Indeed, rather than clarify the legal basis for his claims or the basic facts supporting his allegations, Plaintiff merely repackages large swathes of his defective complaint wholesale. Accordingly, the Court must dismiss this action.

Plaintiff seeks to enjoin various parties from enforcing the Electoral Count Reform Act of 2022 ("ECRA") because he asserts that Congress unconstitutionally amended the United States Constitution by passing both the ECRA and its 1887 predecessor, the Electoral Count Act ("ECA"). (*See* ECF No. 3, at 4 (asserting that the ECRA "intends to alter the functions defined in [the United States] Constitution, that is to AMEND the Constitution, without meeting the requirements [for] [a]mendment to [the] Constitution as described in Article V"), 6 (asserting that the ECRA "improperly alters [the] Constitution"), 23 ("Plaintiff simply states that the ECRA, as the ECA before it, alter[s] aspects of [the] Constitution's delegation of authority.").) Plaintiff claims that "[i]n passage of this defective legislations, leaders of Congress [have infringed] on . . . Plaintiff's [First, Fifth and Fourteenth Amendment rights], and those of all American voters."[1] (*Id.* at 23.)

Plaintiff fails to state a claim upon which this Court could grant relief. To state a valid claim for relief, a plaintiff must allege sufficient facts to "state all the elements of [any] claim[s]." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002) and *Iodice v. United States*, 289

---

[1] Although Plaintiff lists seven "counts" in his Amended Complaint, each sound in the same alleged injury and arise from the same allegedly unconstitutional conduct.

Case 3:23-cv-00338-DJN Document 4 Filed 06/07/23 Page 3 of 5 PageID# 82

F.3d 270, 281 (4th Cir. 2002)). Plaintiff's piecemeal historical quotes and legal conclusions fall far short of this standard and do not give rise to a federally cognizable claim against any of the named Defendants. And although the Court is mindful of its duty to liberally construe *pro se* complaints, like Plaintiff's, the Court may not be fairly called to conjure up or divine legal arguments or particularized factual allegations where none exist. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

Moreover, even if the Court were to accept that somewhere in Plaintiff's pleadings a valid claim persists, Plaintiff alleges no concrete or particularized injury and thus lacks Article III standing to proceed. Article III of the Constitution limits this Court's jurisdiction to "Cases" and "Controversies." U.S. Const. art. III § 2. To satisfy the case-or-controversy requirement of Article III, a plaintiff must establish standing to sue. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). To meet the minimum constitutional requirements for standing, an individual must establish three elements: (1) that he has sustained an injury in fact; (2) that the injury is traceable to the defendants' actions; and, (3) that the injury likely can be redressed by a favorable judicial decision. *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 629 F.3d 387, 396 (4th Cir. 2011) (citing *Lujan*, 504 U.S. at 560–61). "Foremost among these requirements is injury in fact — a plaintiff's pleading and proof that he has suffered the 'invasion of a legally protected interest' that is 'concrete and particularized,' *i.e.*, which 'affect[s] the plaintiff in a personal and individual way.'" *Gil v. Whitford*, 138 S. Ct. 1916, 1929 (2018) (quoting *Lujan*, 504 U.S. at 560, and n.1.); *see also Gaston Copper Recycling Corp*, 629 F.3d at 396 (citing *Lujan*, 504 U.S. at 560) ("To demonstrate an injury in fact, a plaintiff must suffer an invasion of a legally protected interest that is concrete and particularized to him, as well as actual or imminent."). The Supreme Court has "long recognized that a person's right to vote is

'individual and personal in nature.'" *Gil*, 138 S. Ct. at 1929 (citing *Reynolds v. Sims,* 377 U.S. 533, 561 (1964)). "Thus, 'voters who allege facts showing disadvantage to themselves as individuals have standing to sue' to remedy that disadvantage." *Id.* (quoting *Baker v. Carr*, 369 U.S. 186, 206 (1962)). However, a "generalized grievance about the conduct of government" that is "plainly undifferentiated and common to all members of the public" cannot confer standing upon a voter. *United States v. Richardson*, 418 U.S. 166, 176–77 (1974) (citations omitted).

Here, Plaintiff asserts that he has standing "as a Virginia Voter and Citizen" and argues that Congress's actions equally harm both Plaintiff "and every other American Voter." (ECF No. 3, at 3, 23.) Plainly, Plaintiff's "abstract interest in policies adopted by the legislature on the facts here is a nonjusticiable 'general interest common to all members of the public.'" *Gil*, 138 S. Ct. at 1931 (quoting *Ex parte Levitt,* 302 U.S. 633, 634 (1937) (*per curiam*)). Accordingly, Plaintiff fails to demonstrate Article III standing, and thus, this Court lacks subject matter jurisdiction over his claims.

For the foregoing reasons, the Court hereby DISMISSES Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 41(b) and 28 U.S.C. § 1915(e). Because the Court finds that further amendment would not cure the deficiencies in Plaintiff's Complaint, the Court declines to grant further leave to amend. *See Britt v. Dejoy*, 45 F.4th 790, 796 (4th Cir. 2022) (holding that an order dismissing a case without leave to amend is final and appealable). Finally, because the Court finds that any appeal of this Order would not be taken in good faith, the Court hereby certifies as such and REVOKES Plaintiff's *in forma pauperis* status. 28 U.S.C.

§ 1915(a)(3). Should Plaintiff desire to appeal, a written notice of appeal must be filed with the Clerk of the Court within sixty (60) days of the date of entry hereof. Fed. R. App. P. 4(a)(1)(B). Failure to file a notice of appeal within that period may result in the loss of the right to appeal.

Let the Clerk file a copy of this Order electronically and send a copy to Plaintiff.

It is so ORDERED.

                                                    /s/
                                              David J. Novak
                                              United States District Judge

Richmond, Virginia
Date: June 7, 2023